Giovanni Orantes, Esq. 190060
**THE ORANTES LAW FIRM, P.C.**
3435 Wilshire Blvd. – 27th Floor
Los Angeles, CA 90010
Tel: 213-389-4362
Fax: 877-789-5776
go@gobklaw.com

General Insolvency Counsel for
Debtor and Debtor-In-Possession

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

In re:

ALEXANDER DEMOLITION AND HAULING, INC.,

    Debtor and Debtor-in-Possession.

Case No. 2:23-bk-15815-DS

Chapter 11 Proceeding

**DEBTOR'S NOTICE OF MOTION AND MOTION TO HONOR PRE-PETITION OBLIGATION TO CRITICAL VENDOR; MEMORANDUM OF POINTS AND AUTHORITIES; SUPPORTING DECLARATION**

[Local Bankruptcy Rules 2081-1 & 9013-1]

DATE:    January 18, 2024
TIME:    11:30 A.M.
PLACE:   Crtrm. 1639
             255 East Temple Street
             Los Angeles, CA 90012

**TO THE HONORABLE DEBORAH SALTZMAN, UNITED STATES BANKRUPTCY JUDGE, AND PARTIES-IN-INTEREST:**

Pursuant to Rules 2081-1(a)(7) and 9075-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California (the "LBR"), Rules 6003(b), 6004(a) and (h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and sections 105,

363(b), 503(b)(9), and/or 549(a)(2)(B) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), Alexander Demolition and Hauling, Inc ("AD&H"), the Debtor and Debtor in Possession in the above-captioned chapter 11 bankruptcy case (the "Debtor"), hereby moves (the "Motion"), for the entry of an order authorizing, but not directing, the Debtor to pay and/or honor the prepetition claim in the amount of $23,512.47 of its most critical vendor, California Waste Services, LLC, in the Debtor's discretion and in the ordinary course of the Debtors' business. In support of the Motion, the Debtor submits the Declaration of Felipe Davila in Support of Debtor's Motions (the "Davila Declaration") and the Declaration of Eric Casper, the President of California Waste Services, LLC.

The creditor the Debtor seeks to pay provides trash disposal services, which are indispensable for the Debtor as its main line of business requires disposal of trash for projects. The Debtor needs CWS specifically because its facility is located near the Debtor's facility in Gardena whereas alternative facilities are many miles away which would increase fuel expenses, CWS charges the Debtor competitive prices, the Debtor's competition uses CWS's services (so, the Debtor needs CWS but CWS does not need the Debtor's business), not paying the pre-petition debt may lead CWS to not charge the Debtor non-bankruptcy rates extended to the Debtor by CWS based on the Debtor's past payment track record.  The Debtor has carefully narrowed down the list of its critical vendors and the only member of that list is CWS, which the Debtor cannot replace readily or even at all, certainly not on time or at cost sufficiently competitive to prevent that the Debtor's operations be irretrievably impacted.  Simply put, without CWS, the Debtor's demolition and hauling business cannot continue operating or its expenses may become prohibitively expensive.  CWS provides services to the Debtor at prices that make the business viable and reorganization feasible.

**PLEASE TAKE FURTHER NOTICE** that this Motion is made on the basis of the appended the points and authorities herein, the Declarations of Felipe Davila and of Eric Caster in Support of the Motion, the papers and pleadings on file, judicial notice of which is respectfully requested, and on such other evidence as the Court elects to consider prior to or at the hearing on this matter.

**PLEASE TAKE FURTHER NOTICE** that Local Bankruptcy Rule 9013-1(f) requires that any objection or response to the Motion must be filed with the Court and served upon the undersigned counsel for the Debtor no later than fourteen (14) days before the scheduled hearing on the Motion. **Pursuant to Local Bankruptcy Rule 9013-1(h), the failure to timely file and serve a written opposition may be deemed by the Court to be consent to the granting of the relief requested in the Motion**.

**WHEREFORE**, the Debtor prays that the Court enter an order granting the relief requested above, and such additional relief as the Court deems just and proper.

DATED: December 28, 2023                    THE ORANTES LAW FIRM, P.C.

                                            By:    /s/ Giovanni Orantes
                                                   Giovanni Orantes, Esq.
                                                   Insolvency Counsel for Debtor and Debtor-In-Possession

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## SUMMARY OF MOTION AND NEED FOR RELIEF

By this Motion, the Debtor seeks to protect its customers and preserve and maintain its relationship with its Critical Vendor, California Waste Services, LLC ("CWS"), by paying to CWS $23,512.47 for services from CWS from before the September 7, 2023 date on which the present petition under Chapter 11 of the Bankruptcy was filed. The Debtor, which has the ability to pay such amount, seeks leave to do this to preserve the reputation of the Debtor's business and the value of the Debtor's assets. Such action has been recognized as a legitimate practice in bankruptcy proceedings by the Supreme Court. *Czyzewski v. Jevic Holding Corp.*, 137 S. Ct. 973, 985, 197 L. Ed. 2d 398 (2017) citing *In re Kmart Corp.*, 359 F.3d 866, 872 (7th Cir. 2004) (listing critical vendor orders that allow payment of essential supplier prepetition invoices as legitimate exceptions to the common priority scheme).[1] Indeed, the Supreme Court reasoned that critical vendor orders supported "significant Code-related objectives." *Id.* In *Jevic*, the Supreme Court offered several appropriate considerations for courts in determining whether to grant motions for payment of critical vendors: (a) preserve the debtor as a going concern; (b) make the disfavored creditors better off; (c) promote the possibility of a confirmable plan; (d) restore the status quo *ante*; or (e) protect reliance interests. *Id*[2] Granting the Debtors' Motion will meet these objectives, and is authorized pursuant to the Court's powers under § 105(a). 11 U.S.C. § 105 ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code].").

Furthermore, bankruptcy judges in this district have routinely granted similar critical vendors motions. *See, e.g.*, Order (A) Authorizing the Debtor to Pay Prepetition Claims of Emergency Room Doctors, Medical Director Doctors, and Nursing Registries who are Critical

---

[1] Some have misconstrued *Matter of B & W Enterprises, Inc.*, 713 F.2d 534 (9th Cir. 1983) as prohibiting Critical Vendors Motions altogether. Such notions are contrary to the Supreme Court's analysis in *Jevic*. Instead, *B & W Enterprises, Inc.* should be narrowly construed: the debtor may not use 11 U.S.C. § 510 to subvert the Bankruptcy Code's priority scheme without evidence of misconduct by the creditor not receiving payment on prepetition expenses. *Matter of B & W Enterprises, Inc.*, 713 F.2d at 537.

[2] This list is non-exhaustive.

-1-

Service Providers and (B) Directing the Applicable Bank to Pay All Checks and Electronic Payment Requests Made by the Debtor Relating to the Foregoing, *In re Victor Valley Community Hospital*, No. 6:10-bk-39537-CB (Bankr. C.D. Cal. Sept. 17, 2010) (No. 34); Final DIP Order (A) Authorizing Debtor to Obtain Postpetition Financing; (B) Granting Super priority Expense Claims and Security Interests; and (C) Granting Other Relief Under 11 U.S.C. §§ 105, 361, 362, 363 and 364, F.R.B.P. 2002 and 4001; and LBRs 2002-1 and 4001-2 at 14, 33, *In re Downey Regional Medical Center-Hosp., Inc.*, No. 2009-BK-34714-BB (Bankr. C.D. Cal. Oct. 19, 2009) (No. 148) (J. Bluebond) (allowing for process to pay "critical vendor claims"); Order Authorizing The Debtor To Pay Prepetition Claims Of Critical Vendors, at 2, *American Suzuki Motor Corporation*, No. 8:12-bk-22808-SC (Bankr. C.D. Cal. Nov. 7, 2012) (No. 69) (J. Clarkson) ("The Debtor is authorized, but not directed, to pay in its sole discretion the prepetition claims of Critical Vendors in the ordinary course of the Debtor's business relating to undisputed prepetition claims that the Debtor, in its business judgment, determines is necessary and appropriate for the operation of its business); Final Order Authorizing: 1) the Debtors to Pay Prepetition Lien Claimants; and 2) Certain Financing Institutions to Honor All Related Checks and Electronic Payment Request at 2, *California Coastal Communities, Inc.*, No. 8:09-bk-21712-TA (Bankr. C.D. Cal. Dec. 9, 2009) (No. 87) (J. Albert) (granting "critical vendor" motion and authorizing vendors "to continue supplying goods and services to the Debtors on the same trade terms given to them prior to the Petition Date or upon such other agreed trade terms as the Debtor may recommend"); Order Granting Evergreen Oil, Inc.'s Emergency Motion For Entry Of An Order Authorizing Debtor To Honor Pre-Petition Obligations To Critical Vendors And To Continue Vendor Programs at 2, *In re Evergreen Oil, Inc.*, No. 8:13-bk-13163 (Bankr. C.D. Cal. Apr. 10, 2013) (No. 32) (J. Clarkson) (granting critical vendors motion); Order Granting Debtor's Emergency First Day Motion for an Order Authorizing Debtor to Pay Pre-Petition Claims of Certain Critical Vendors at 2, *In re HDOS Enterprises*, No. 2:14-BK-12028-NB (Bankr. C.D. Cal. Feb. 6, 2014) (No. 66) (J. Bason) (granting critical vendors motion); Order Granting Motion For Entry Of An Order Authorizing Debtor To Honor Pre-Petition Obligations To Critical Vendors, *In re Green Fleet Systems, LLC*, No. 2:15-bk-11542-BR (Bankr. C.D. Cal. Mar. 16, 2015) (No. 81) (J. Russell) (granting critical vendors

motion); *In re Visionary Labels & Packaging, LLC*, No. 6:23-bk-11032 (Bankr. C.D. Cal. Mar. 17, 2023) (Nos. 45, 72) (J. Reyes-Bordeaux) (granting critical vendors motions).

## II.

## THIS COURT SHOULD AUTHORIZE THE DEBTOR TO MAKE THE PAYMENT SPECIFIED IN THIS MOTION

The Debtor seeks to obtain authority, but not the obligation, to pay post-petition the pre-petition amount owed to CWS to enable the Debtor to continue undisturbed its day-to-day operations as the Debtor may lose substantial amounts of revenue if CWS refuses to continue to do business with it anymore. Allowing a debtor to honor prepetition obligations under §105(a) authority is appropriate where, as here, doing so is consistent with the "two recognized policies" of chapter 11 of the Bankruptcy Code—preserving going concern value and maximizing property available to satisfy creditors. *See Bank of Am. Nat'l Trust & Sav. Assoc. v. 203 N. LaSalle St. P'Ship*, 526 U.S. 434, 453 (1999).

The Supreme Court, in dictum, has acknowledged the existence of "critical" vendor orders where such orders promote successful reorganization and maximize the value of the bankruptcy estate, citing to *In re Kmart Corp.*, 359 F.3d 866, 872 (7th Cir. 2004) as support for the concept. *Czyzewski v. Jevic Holding Corp.*, 580 U.S. 451, 468 (2017). In *Kmart*, the Seventh Circuit explained that the theory behind a critical vendor order request (i.e., a request to pay some or part of a creditor's prepetition claim) is that some vendors may be unwilling to do business with a debtor that is behind in payment, and, if the debtor cannot obtain the necessary supplies or merchandise, the debtor may be unable to carry on, thus injuring all of its creditors. *See In re Kmart Corp.*, 359 F.3d at 868. As the *Kmart* court explained, for the premise to hold true, "it is necessary to show not only that the disfavored creditors will be as well off with reorganization as with liquidation . . . but also that the supposedly critical vendors would have ceased deliveries if old debts were left unpaid while the litigation continued." Id. at 866. "If vendors will deliver against a promise of current payment, then a reorganization can be achieved, and all unsecured creditors will obtain its benefit, without preferring any of the unsecured creditors." Id. at 873

-3-

(affirming denial of critical vendor request because the record did not support the request). Here, debtor has identified certain vendors that it deems critical

Recognizing that, as here, payment of certain prepetition claims may be required to achieve legislative goals of preserving going concern value and maximizing the property available to satisfy creditors, bankruptcy courts have granted relief consistent with the relief requested herein for similarly-situated debtors. *See, e.g.*, Interim Order Authorizing Debtors to Pay Certain Prepetition Claims of Critical Vendors and Section 503(b)(9) Claims, Approving Related Procedures, and Granting Related Relief, *In re The Great Atlantic & Pacific Tea Co., etal.*, (Bankr. S.D.N.Y. Dec. 14, 2010) (No. 55) (interim and final orders authorizing payment of up to $62 Million on account of claims held by critical vendors); Interim Order Pursuant to 11 U.S.C. §§ 105(a), 363(b) And 503(b)(9) (i) Authorizing, But Not Directing, Debtors to Pay Prepetition Obligations of Critical Vendors, and (ii) Authorizing and Directing Financial Institutions to Honor and Process Related Checks and Transfers and Order Pursuant to 11 U.S.C. §§ 503(b)(9) And 105(a) (i) Approving Procedures for the Assertion, Resolution, and Satisfaction of Claims Asserted Pursuant to 11 U.S.C. § 503(b)(9) and (ii) Prohibiting Vendors from Pursuing Such Claims Outside the Procedures at 4, *In re Chassix Holdings, Inc.*, No. 15-10578 (Bankr. S.D.N.Y. Mar. 13, 2015) (No. 85) (interim order authorizing payment of up to $5 Million on account of claims held by critical vendors); Order Approving Procedures for the Assertion, Resolution, and Satisfaction of Claims Asserted and Prohibiting Vendors from Pursuing Such Claims Outside the Procedures, *In re Chassix Holdings, Inc.*, No. 15-10578 (Bankr. S.D.N.Y. Apr. 14, 2015) (No. 275) (final order authorizing payment of up to $40 Million on account of claims held by critical vendors) (citing Motion of Debtors Pursuant to 11 U.S.C. §§ 105(a), 363(b) and 503(b)(9) for Entry of Order (I) Authorizing, But Not Directing, Debtors to Pay Prepetition Obligations of Critical Vendors, and (II) Authorizing and Directing Financial Institutions to Honor and Process Related Checks and Transfers at 12, *id.* (Bankr. S.D.N.Y. Mar. 12, 2015) (No. 24)); Interim Order Authorizing the Debtors to Pay the Pre-petition Claims of Certain Essential Suppliers and Service Providers and Granting

Certain Related Relief; *In re Hostess Brands, Inc.*, No. 12-22052 (Jan. 13, 2012) (No. 76) (interim and final orders authorizing payment of up to $14 Million on account of claims held by critical vendors); Order Granting Motion of Debtors and Debtors in Possession, Pursuant to Sections 105(a), 363(b) and 503(b)(9) of the Bankruptcy Code, for Interim and Final Orders Authorizing Them to Pay the Prepetition Claims of Certain Essential Suppliers and Service Providers and Granting Certain Related Relief, *In re Hostess Brands, Inc.*, No. 12-22052 (Jan. 27, 2012) (No. 196) (interim and final orders authorizing payment of up to $14 Million on account of claims held by critical vendors); Final Orders Authorizing Debtors to Pay Certain Prepetition Claims of Critical Vendors and Lien Claimants, Approving Related Procedures and Authorizing and Directing All Financial Institutions to Honor All Related Payment Requests at 3, *In re The Readers Digest Ass'n, Inc.*, No. 09-23529 (Bankr. S.D.N.Y. Sept. 17, 2009) (No. 91) (authorizing payment of up to $25 Million to critical vendors).

The Debtor also moves under §§ 363, 503, and/or 549, as more fully discussed below.

Moreover, local, state, and federal law places certain compliance requirements on the Debtor, which can only be fulfilled through continued, uninterrupted access to the services of CWS, which is compliant with such requirements. Thus, the Debtor requires the assistance of CWS in order to do so. It is imperative that the Debtor be able to rely on a consistent, quality supply of services from CWS.

## A. Section 363 Allows the Debtors to Honor Critical Vendor's Prepetition Claims Under the Business Judgment Rule

Section 363, which permits a debtor in possession to use, sell, or lease estate property, provides authority for the Debtor to pay the amount CWS demands in the ordinary course of the Debtor's business and in the Debtor's discretion. Under § 363 a court may authorize a debtor in possession to expend funds outside the ordinary course of business where, in the debtor's judgment, the expenditure is in the best interest of the bankruptcy estate. *See e.g.*, Order signed Authorizing Debtors to Pay Certain Prepetition Obligations to Critical Vendors, Approving Related Procedures and Granting Related Relief at 3, *In re Tops Holding II Corporation, et al.*, (Bankr. S.D.N.Y. Mar. 22, 2018) (No. 181) (authorizing the debtors under § 363 to use

their sole reasonable business judgment to pay critical vendors up to a $36 Million critical vendor cap).

Other courts have reached similar conclusions in other factual scenarios related to prepetition debts. For example, the Ninth Circuit Court of Appeals has permitted the payment of prepetition debts when necessary for rehabilitation. *See Burchinal v. Central Washington Bank (In re Adams Apple, Inc.)*, 829 F.2d 1484, 1490 (9th Cir. 1987) ("Cases have permitted unequal treatment of pre-petition debts when necessary for rehabilitation, in such contexts as (i) pre-petition wages to key employees; (ii) hospital malpractice premiums incurred prior to filing; (iii) debts to providers of unique and irreplaceable supplies; and (iv) peripheral benefits under labor contracts."). Similarly, in *In re Structuralite Plastics Corp.*, 86 B.R. 922, 932 (Bankr. S.D. Ohio 1988), the court found that payment of prepetition claims was justified where otherwise the Debtors' rehabilitative effort would have been immediately aborted. *See also Armstrong World Indus., Inc. v. James A. Phillips, Inc. (In re James A.Phillips, Inc.)*, 29 B.R. 391, 397 (S.D.N.Y. 1983) (relying on § 363 to allow contractor to pay prepetition claims for suppliers).

Here, the Debtor has determined, in the exercise of its business judgment, that continuing to pay and/or honor the prepetition debt to CWS is in the overwhelming best interests of its estate. Granting the Debtor the authority to pay and/or honor such prepetition claim greatly benefits the estate by preserving the Debtor's relationships with its most critical vendor, without whom the Debtor cannot adequately generate the services the Debtor sells to generate additional income to service debt and maximize its value.

Simply put, if the Debtor is not permitted to honor the prepetition claim of CWS, the Debtor will not be able to generate sufficient revenue to continue its business operations. This, in turn, will drastically and negatively impact the value of the Debtor's business as a going-concern (and correspondingly, the value of the Debtor's assets), and, more importantly here, potentially eliminate the Debtor's ability to successfully reorganize in this case.

The decision to pay Critical Vendors is a valid exercise of the Debtor's business judgment. The business judgment rule is satisfied where, as here, "the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in

the best interests of the company." *See, e.g., Official Comm. of Subordinated Bondholders v. Integrated Res., Inc.* (*In re Integrated Res., Inc.*), 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)), *appeal dismissed*, 3 F.3d 49 (2d Cir. 1993); *accord In re Pomona Valley Med. Group, Inc.*, 476 F.3d 665, 670 (9th Cir. 2007) ("in evaluating the [business] decision, the bankruptcy court should presume that the debtor-in-possession acted prudently, on an informed basis, in good faith, and in the honest belief that the action taken was in the best interests of the bankruptcy estate.").

Moreover, if "the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *Comm. Of Asbestos-Related Litigants v. Johns-Manville Corp.* (*In re Johns-Manville Corp.*), 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) (citation omitted); *F.D.I.C. v. Faigin*, No. CV 12–03448-DDP, 2013 WL 3389490, at *5 (C.D. Cal. July 8, 2013) ("The California business judgment rule . . . establishes a presumption that directors' decisions are based on sound business judgment, and it prohibits courts from interfering in business decisions made by the directors in good faith and in the absence of a conflict of interest.") (citations omitted). Courts should decline to interfere with corporate decisions absent a showing of bad faith, self-interest, or gross negligence, and have upheld a board's decisions as long as such decisions are attributable to any "rational business purpose." *Integrated*, 147 B.R. at 656 (quoting *CRTF Corp. v. Federated Dep't Stores*, 683 F. Supp. 422, 436 (S.D.N.Y. 1988)); *In re Pomona Valley Med. Group, Inc.*, 476 F.3d 665; *In re AWTR Liquidation Inc.*, 548 B.R. 300, 314 (Bankr. C.D. Cal. 2016) ("The effect of the business judgment rule is to raise the burden of proof from ordinary negligence to gross negligence—"i.e., failure to exercise even slight care."); *Mann v. GTCR Golder Rauner, L.L.C.*, 483 F. Supp. 2d 884, 902 (D. Ariz. 2007) ("because the business judgment rule is a powerful presumption, it can only be rebutted in those rare cases where the decision under attack is so far beyond the bounds of reasonable judgment that it seems essentially inexplicable on any ground other than bad faith.") (citations omitted).

-7-

### B. Section 105 Empowers the Court to Grant Critical Vendor Relief

Section 105 relief is necessary here for the Debtor to carry out its fiduciary duty under § 1107(a). Section 105(a) empowers bankruptcy courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105. Section 1107(a) "contains an implied duty of the debtor-in-possession" to "protect and preserve the estate, including an operating business' going-concern value," on behalf of a debtor's creditors and other parties in interest. *In re CEI Roofing, Inc.*, 315 B.R. 50, 59 (Bankr. N.D. Tex. 2004) (quoting *In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002)); *see also Unofficial Comm. of Equity Holders v. McManigle* (*In re Penick Pharm., Inc.*), 227 B.R. 229, 232–33 (Bankr. S.D.N.Y. 1998) ("[U]pon filing its petition, the Debtor became debtor in possession and, through its management . . . was burdened with the duties and responsibilities of a bankruptcy trustee.").

Since the Debtor relies on CWS to provide its very basic services of disposing of the waste and debris from its managers through a waste management service in compliance with all the California and City of Los Angeles rules and regulations, the Debtor is in a vulnerable position. If CWS stops doing business with the Debtor, the Debtor will have no compliant vendor who would dispose of the trash and debris from its projects. This would expose the Debtor to liability, which would require that the Debtor shut down its operations or find an alternative waste management service far away from the Debtor's operations in Gardena, where CWS has the facility the Debtor uses. The Debtor may have to route its waste to facilities tens of miles away in the San Fernando Valley if CWS refuses to work with it anymore. That will add additional costs such as gas and wear and tear as well as labor costs for the time it will take the Debtor's workers to transport the waste to such remote facilities. In the face of such a drastic increase in the costs of the Debtor's services, the Debtor's business would quickly unravel, irreparably harming the Debtor and its creditors.

Furthermore, CWS, the Debtor's critical vendor, has little incentive to continue providing services with the Debtor should the Court fail to grant the Debtor's Motion because it already provides services to the Debtor's competitors and the automatic stay of § 362(a) is inadequate to

address the issue. In support of the Motion, however, is the fact that even the most disfavored creditors will be as well off, if not better off, if the Court grants this Motion.

As noted above, the Debtor is confident that it can continue its operations to fund the Chapter 11 Plan it already filed. Therefore, it is critical that the Debtor maintain its business operations and preserve the value of its assets. The Debtor can only do so by continuing to operate its business facilities which the Debtor simply cannot do without the critical services CWS provides.

## IV.
## CONCLUSION

For the foregoing reasons, the Debtor respectfully requests that the Court grant the relief prayed for herein.

DATED: December 28, 2023         **THE ORANTES LAW FIRM, P.C.**

By: /s/ Giovanni Orantes, Esq.
Giovanni Orantes
Insolvency Counsel for Debtor and Debtor-in-Possession

## DECLARATION OF FELIPE DAVID DAVILA.

I, Felipe David Davila, declare as follows:

1. I am the Chief Executive Officer of Alexander Demolition and Hauling, Inc. ("AD&H"). I know the facts in this declaration of my personal knowledge and could and would testify competently to the facts in this declaration if called as a witness.

2. I am one of the custodians of the books, records and files of AD&H. I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of AD&H on behalf of AD&H. These books, records and files were made at or about the time of the events recorded and are maintained in the ordinary course of AD&H's business at or near the time of the actions, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of AD&H by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

3. I caused AD&H to file for relief under Chapter 11 of the Bankruptcy Code, Subchapter V on September 7, 2023 (the "Petition Date").

4. AD&H has an outstanding bill in the amount of $23,512.47 for services it received from California Waste Services LLC ("CWS") before the Petition Date. AD&H has and will continue to have enough money to make this payment when authorized to do so.

5. CWS is a City of Los Angeles based waste management firm that provides roll off dumpster rentals and recycling services for construction and demolition and any other non hazardous waste. CWS has a facility in Gardena. CWS, unlike many of its competitors, complies with the stringent rules and regulations for waste disposal imposed by the State of California and the City of Los Angeles.

6. CWS demanded payment of the aforementioned pre-petition claim of $23,512.47. I have communicated with Eric Casper, the President of CWS to negotiate payment of such amount. However, Mr. Casper did not negotiate and demanded that I caused my

-1-

counsel to file a motion (the "Motion") for the entry of an order authorizing the Debtor to pay and/or honor the prepetition claim of its most critical vendor, CWS.

7. CWS provides a service to AD&H that is indispensable to AD&H's operations. Since the Debtor relies on CWS to provide its very basic services of disposing of the waste and debris from its projects through a waste management service in compliance with all the California and City of Los Angeles rules and regulations, the Debtor is in a vulnerable position. If CWS stops doing business with the Debtor, the Debtor will have no compliant vendor who would dispose of the trash and debris from its projects. This would expose the Debtor to liability, which would require that the Debtor shut down its operations or find an alternative waste management service far away from the Debtor's operations in Gardena, where CWS has the facility the Debtor uses. The Debtor may have to route its waste to facilities tens of miles away in the San Fernando Valley if CWS refuses to work with it anymore. That will add additional costs such as gas and wear and tear as well as labor costs for the time it will take the Debtor's workers to transport the waste to such remote facilities. In the face of such a drastic increase in the costs of the Debtor's services, the Debtor's business would quickly unravel, irreparably harming the Debtor and its creditors.

8. I believe it is in the reasonable exercise of my business judgement to pay CWS its pre-petition claim as the amount AD&H stands to lose otherwise dwarves the amount CWS requires. Therefore, I urge the Court to grant the Debtor's Motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 21st day of December, at Los Angeles County, California.

_____
Felipe David Davila

# DECLARATION OF ERIC CASPER

I, Eric Casper, declare as follows:

1. I am the President and Managing Member of California Waste Services LLC ("CWS"). I know the facts in this declaration of my personal knowledge and could and would testify competently to the facts in this declaration if called as a witness.

2. CWS is a City of Los Angeles based waste management firm that provides roll off dumpster rentals and recycling services for construction and demolition and any other non hazardous waste. CWS has a facility in Gardena. CWS, unlike many of its competitors, complies with the stringent rules and regulations for waste disposal imposed by the State of California and the City of Los Angeles,

3. I am one of the custodians of the books, records and files of CWS. I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of CWS on behalf of CWS. These books, records and files were made at or about the time of the events recorded, and are maintained in the ordinary course of CWS's business at or near the time of the actions, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of CWS by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

4. Alexander Demolition & Hauling, Inc. ("AD&H") has an outstanding bill in the amount of $23,512.47 for services from CWS from before September 7, 2023, which I am informed and believe is the date on which AD&H filed its petition for bankruptcy relief under Chapter 11 of the Bankruptcy Code (the "Petition Date"). AD&H has facilities in Gardena close to CWS' Gardena facility.

5. CWS provides a service to AD&H that is indispensable to AD&H's operations. As such, I expect that AD&H will request to pay CWS for the aforementioned pre-petition outstanding bill in full in the amount of $23,512.47. I communicated with Giovanni Orantes,

-1- of 2

Esq. on December 20, 2023, the attorney for AD&H, regarding my request and he attempted to negotiate how much of the total pre-petition amount should be paid. However, I am familiar with Chapter 11 and with critical vendor motions since I spent years involved in such a reorganization and do not and will not negotiate this amount. CWS provides an indispensable service at great cost to CWS that CWS's competitors cannot match and I will stop doing business with AD&H if it does not pay me the full $23,512.47 pursuant to an order of this Court after a hearing on the Court's next available hearing after providing the regular notice required by law.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 20th day of December.

Eric Casper
PRESIDENT

2 OF -2-

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**3435 Wilshire Blvd., 27th Floor**
**Los Angeles, CA 90010**

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S NOTICE OF MOTION AND MOTION TO HONOR PRE-PETITION OBLIGATION TO CRITICAL VENDOR; MEMORANDUM OF POINTS AND AUTHORITIES; SUPPORTING DECLARATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **December 28, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

John-Patrick McGinnis Fritz (TR)
jpftrustee@lnbyg.com, jpf@trustesolutions.net

Noreen A Madoyan on behalf of U.S. Trustee United States Trustee (LA)
Noreen.Madoyan@usdoj.gov

Giovanni Orantes on behalf of Debtor Alexander Demolition and Hauling, Inc. go@gobklaw.com, gorantes@orantes-law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On ____**December 28, 2023**____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| United States Bankruptcy Court<br>Honorable Judge Deborah Saltzman<br>255 E. Temple Street, Suite 1634<br>Los Angeles, CA 90012 | California Waste Services, LLC<br>Attn: President or Corp. Officer<br>621 W 162nd St.<br>Gardena, CA 90247 |
|---|---|

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 28, 2023 | Andrea M. Castro | _[signature]_ |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE

```
Label Matrix for local noticing          Alexander Demolition and Hauling, Inc.    Orantes Law Firm, P.C.
0973-2                                    1433 W 139th St.                          3435 Wilshire Blvd., 27th floor
Case 2:23-bk-15815-DS                     Gardena, CA 90249-2601                    Los Angeles, CA 90010-1901
Central District of California
Los Angeles
Thu Dec 28 19:12:53 PST 2023

Los Angeles Division                      Abraham Lopez                             Baltazar Martinez
255 East Temple Street,                   C/o Cummings & Franck, P.C                C/o Health Link MGT Studio City
Los Angeles, CA 90012-3332                1025 W 190th ST., Suite 200               3940 Laurel Canyon Blvd.
                                          Gardena, CA 90248-4343                    PMB 945
                                                                                    Studio City CA 91604-3709

Baltazar Martinez                         Baltazar Martinez                         CR Rodas
C/o Injury and Consumer Law               C/o Richard A Cherry, Esq.                Attn: President or Corp. Officer
1820 E 1st St., Suite 200                 3055 Wilshire Blvd., Suite 820            Po Box 1774
Santa Ana CA 92705-4026                   Los Angeles, CA 90010-1137                Sun Valley, CA 91353-1774

CWS                                       California Department of Tax & Fee        California Dept. of Tax and Fee Administrati
Attn: President or Corp. Officer          Administration/Special Ops, MIC:55        Collection Support Bureau, MIC: 55
621 W 162nd St.                           Po Box 942879                             PO Box 942879
Gardena, CA 90247                         Sacramento, CA 94279-0055                 Sacramento, CA  94279-0055

Cellco Partnership d/b/a Verizon Wireless Employment Development Department         FRANCHISE TAX BOARD
William M Vermette                        Bankruptcy Group MIC 92E                  BANKRUPTCY SECTION MS A340
22001 Loudoun County PKWY                 Po Box 826880                             PO BOX 2952
Ashburn, VA 20147-6122                    Sacramento, CA 94280-0001                 SACRAMENTO CA 95812-2952

Felipe D. Davila                          Ford Credit                               (p)FORD MOTOR CREDIT COMPANY
1433 W 139th St.                          Attn: President or Corp. Officer          P O BOX 62180
Gardena, CA 90249-2601                    Po Box 552679                             COLORADO SPRINGS CO 80962-2180
                                          Detroit, MI 48255-2679

Franchise Tax Board                       Gerardo Ochoa                             Internal Revenue Service
Bankruptcy Section, MS: A-340             C/o Law Offices of Ramin Younessi         Po Box 7346
Po Box 2952                               3435 Wilshire Blvd., Suite 2200           Philadelphia, PA 19101-7346
Sacramento, CA 95812-2952                 Los Angeles, CA 90010-2008

Luis Valencia                             Southern California Edison Co.            Southern California Edison Co.
10900 E 183rd St.                         Attn: President or Corp. Officer          C/o Levy Nazila, Esq.
Cerritos, CA 90703-5342                   2244 Walnut Gove Ave.                     9454 Wilshire Blvd.
                                          Rosemead, CA 91770-3714                   Beverly Hills, CA 90212-2931

United States Attorney s Office           United States Department of Justice       United States Trustee (LA)
Federal Building, Room 7516               Ben Franklin Station                      915 Wilshire Blvd, Suite 1850
300 North Los Angeles Street              Po Box 683                                Los Angeles, CA 90017-3560
Los Angeles, CA 90012-3336                Washington, DC 20044-0683

Giovanni Orantes                          John-Patrick McGinnis Fritz (TR)
Orantes Law Firm PC                       2818 La Cienega Avenue
3435 Wilshire Blvd 27th Floor             Los Angeles, CA 90034-2618
Los Angeles, CA 90010-1901
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Ford Motor Credit Company LLC
Dept. 55953
P.O. Box 5500
Detroit, MI 48255

End of Label Matrix
Mailable recipients    28
Bypassed recipients     0
Total                  28